IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION

| | | |
|---|---|---|
| **ALLIANT TECHSYSTEMS, INC.**, *as successor by merger to Alliant Holdings, LLC, ATK Ordnance & Ground Systems, LLC and Mission Research Corporation*, | § § § § § | |
| Plaintiff, | § § | Civil Action No.: |
| v. | § § | Judge: |
| **UNITED STATES OF AMERICA**, | § § § | |
| Defendant. | | |

**COMPLAINT FOR REFUND OF OVERPAYMENT OF
FEDERAL INSURANCE CONTRIBUTIONS ACT ("FICA") EMPLOYMENT TAXES**

Comes now ALLIANT TECHSYSTEMS, INC. ("Alliant" or "Plaintiff"), as successor by merger of Alliant Holdings, LLC, ATK Ordnance & Ground Systems, LLC, and Mission Research Corporation, by and through the undersigned counsel, who hereby alleges as follows:

**OVERVIEW, JURISDICTION, VENUE AND PARTIES**

1. This is an action arising under the internal revenue laws of the United States for the refund of amounts erroneously withheld, deposited, and paid (and interest thereon) by Plaintiff and its employees to the Internal Revenue Service ("IRS") pursuant to the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. §§ 3101-3128.

2. The tax periods at issue are Plaintiff's calendar quarters ended March 31, 2005, June 30, 2005, September 30, 2005, December 31, 2005, and March 31, 2006.

3. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1) and 26 U.S.C. § 7422.

4. Venue is proper in the United States District for the District of Minnesota pursuant to 28 U.S.C. § 1402(a).

5. Plaintiff, a Delaware corporation, has corporate headquarters in Eden Prairie, Minnesota, and Arlington, Virginia. Plaintiff is a global, diversified, industrial company that develops and manufactures highly-engineered materials and products which support mission-critical applications in the defense, aerospace, security, and sporting industries. Plaintiff operates in 23 states, Puerto Rico, and internationally.

6. Plaintiff is the real party in interest in this action as follows:

a. On January 2, 2006, Alliant Holdings, LLC, merged into Alliant Techsystems, Inc.

b. On April 1, 2006, ATK Ordnance & Ground Systems, LLC, merged into Alliant Techsystems, Inc.

c. On September 26, 2006, Mission Research Corporation merged into Alliant Techsystems, Inc.

7. Defendant is the United States of America.

## GENERAL ALLEGATIONS

8. Plaintiff repeats, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 7, above, as if fully set forth herein.

### The Federal Insurance Contributions Act, Generally

9. The Federal Insurance Contributions Act imposes a tax upon the wages of employees to fund Social Security programs and Medicare insurance. *Rowan Cos. v. United States*, 452 U.S. 247, 249 n. 2 (1981). Until 2011, the employee and employer paid equal portions of the FICA tax.

10. Pursuant to FICA, Internal Revenue Code ("Code") § 3101 imposes Old-Age, Survivors, and Disability Insurance ("Social Security") and Hospital Insurance ("Medicare")

taxes "on the income of every individual" based on "percentages of the wages" of the individual "with respect to employment."

11. Code § 3102(a) provides that FICA employee taxes are "collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid."

12. Code § 3111 imposes matching FICA "excise taxes" on the employer, "with respect to having individuals in his employ," similarly measured as "percentages of the wages" paid to the employee "with respect to employment."

13. For purposes of this Complaint, the term "FICA taxes" refers to the taxes imposed under Code §§ 3101 and 3111.

14. Code § 3121(a) defines "wages" as "all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash," subject to certain exemptions not relevant herein.

15. Code § 3121(b) defines the term "employment" as "any service, or whatever nature, performed … by an employee for the person employing him."

## Plaintiff's Quarterly Federal Tax Returns

16. On or about the following dates, Plaintiff timely filed its quarterly federal tax returns (IRS Forms 941) with the IRS Service Center in Ogden, Utah:

| COMPANY | TAX PERIOD ENDING | FILING DATE |
|---|---|---|
| Alliant Holdings, LLC | March 31, 2005 | May 4, 2005 |
| Alliant Holdings, LLC | June 30, 2005 | August 2, 2005 |
| Alliant Holdings, LLC | September 30, 2005 | October 28, 2005 |
| Alliant Holdings, LLC | December 31, 2005 | February 9, 2006 |
| ATK Ordnance & Ground Systems, LLC | March 31, 2005 | May 5, 2005 |
| ATK Ordnance & Ground Systems, LLC | June 30, 2005 | August 3, 2005 |

3

| COMPANY | TAX PERIOD ENDING | FILING DATE |
|---|---|---|
| ATK Ordnance & Ground Systems, LLC | September 30, 2005 | October 28, 2005 |
| ATK Ordnance & Ground Systems, LLC | March 31, 2006 | May 2, 2006 |
| Mission Research Corporation | March 31, 2005 | May 5, 2005 |
| Mission Research Corporation | June 30, 2005 | August 3, 2005 |
| Mission Research Corporation | September 30, 2005 | October 28, 2005 |
| Mission Research Corporation | December 31, 2005 | February 9, 2006 |
| Mission Research Corporation | March 31, 2006 | May 2, 2006 |

17.     Along with its quarterly federal tax returns, Plaintiff timely withheld, deposited and paid, to the IRS the FICA employee taxes and FICA employer taxes amounts reported on its returns.

## Plaintiff's Claims for Refund

18.     On or about March 15, 2007, Plaintiff timely filed its claims for refund (IRS Forms 843) with the IRS Service Center in Ogden, Utah, seeking a refund of erroneously withheld, deposited, and paid FICA taxes in the following amounts:

| COMPANY | TAX PERIOD ENDING | CLAIM |
|---|---|---|
| Alliant Holdings, LLC | March 31, 2005 | $1,893 |
| Alliant Holdings, LLC | June 30, 2005 | $2,295 |
| Alliant Holdings, LLC | September 30, 2005 | $4,981 |
| Alliant Holdings, LLC | December 31, 2005 | $3,588 |
| ATK Ordnance & Ground Systems, LLC | March 31, 2005 | $12,632 |
| ATK Ordnance & Ground Systems, LLC | June 30, 2005 | $255,897 |
| ATK Ordnance & Ground Systems, LLC | September 30, 2005 | $11,422 |
| ATK Ordnance & Ground Systems, LLC | March 31, 2006 | $3,311 |

4

| COMPANY | TAX PERIOD ENDING | CLAIM |
|---|---|---|
| Mission Research Corporation | March 31, 2005 | $4,467 |
| Mission Research Corporation | June 30, 2005 | $2,209 |
| Mission Research Corporation | September 30, 2005 | $13,194 |
| Mission Research Corporation | December 31, 2005 | $4,002 |
| Mission Research Corporation | March 31, 2006 | $3,501 |
| TOTAL | | $323,392 |

19.     True and correct copies of Plaintiff's claims for refund are attached as Exhibit A, and are fully incorporated herein pursuant to Federal Rule of Civil Procedure 10(c).

20.     To date, the IRS has not given notice to Plaintiff of disallowance of Plaintiff's claims for refund.  More than six months has lapsed since Plaintiff filed its claims for refund on or about March 15, 2007.

21.     Plaintiff has exhausted all administrative remedies.

## CLAIM FOR RELIEF:
## REFUND OF FICA TAXES ERRONEOUSLY PAID WITH RESPECT TO SUPPLEMENTAL UNEMPLOYMENT COMPENSATION BENEFITS

22.     Plaintiff repeats, realleges, and incorporates by reference all of the allegations contained in paragraphs 1 through 21, above, as if fully set forth herein.

23.     Plaintiff was not required to withhold, deposit, and pay the FICA taxes at issue herein because these amounts were not "wages" subject to FICA taxes.

24.     Involuntary separation benefits (including "supplemental unemployment compensation benefits") are subject to federal income taxes (under special statutory provisions that "treat" these benefits "as if [they] were a payment of wages" solely for purposes of income tax withholding), but are not subject to FICA taxes by virtue of Code § 3402(o)(2) and its

5

legislative history.  Payment of these supplemental unemployment compensation benefits are often referred to as SUB-Pay payments.

25.    Code § 3402(o)(1)(A) (as supported by its legislative history) recognizes that payments of supplemental unemployment compensation benefits (as defined by Code § 3402(o)(2)(A)) are not wages for FICA tax purposes.  *See* S. Rept. No. 91-552 at 268 (1969) (confirming that prior to the adoption of Code section 3401(o)(1)(A), which treats SUB-Pay as wages solely for purposes of income tax withholding, SUB-Pay benefits "do not constitute wages or remuneration for services"), and Treas. Reg. §1.6041-2(b) (as adopted in T.D. 6972, 1968-2 C.B. 222) (providing that SUB-Pay benefits are reportable only on IRS Form 1099 (a form that is not usable to report "wages")); *see also* Treas. Reg. §§ 31.3401(a)-1(b)(14) and 1.6041-2(b) (as adopted in T.D. 7068, 1970-2 C.B. 252) (confirming that SUB-Pay benefits are "treated" as wages for purposes of income tax withholding, and thus must be reported on IRS Form W-2 to reflect the required income tax withholding).

26.    During the tax periods at issue, Plaintiff reduced its workforce and involuntarily terminated certain employees from employment with Plaintiff.  Each of these employees received payment of supplemental unemployment compensation benefits (SUB-pay) from Plaintiff upon separation.

27.    Plaintiff erroneously withheld, deposited, and paid additional FICA taxes with respect to payment of these supplemental unemployment compensation benefits (SUB-pay) that Plaintiff paid to its involuntarily terminated employees.

28.    Through inaction, the IRS has erroneously failed to allow Plaintiff's claims for refund and failed to refund the overpayments of FICA taxes in the amount of $323,392.

29. Accordingly, Plaintiff is entitled to a refund from Defendant in the amount of $323,392, or such other amount as may be legally refundable, for the erroneously paid FICA taxes specified in paragraph 17, above, plus all statutory interest accruing thereon from the dates of deposit until refund.

30. No portion of such amounts has been repaid to Plaintiff or, to the best of Plaintiff's knowledge and belief, to its affected former employees.

31. Plaintiff is in the process of satisfying the employee certification and consent requirements of Treas. Reg. § 31.6402(a)-2(a)(2) with respect to the employee portion of FICA taxes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alliant Techsystems, Inc., prays for judgment in its favor and against Defendant United States of America:

a. In the amount of $323,392, plus all statutory interest accruing thereon from the dates of payment and deposit until refunded, or such amount as is legally recoverable; and

b. For Plaintiff's costs, attorney fees, and such other and further relief as the Court deems just and appropriate.

Respectfully submitted.

Date:  March 30, 2012

By:  /s/ *C. Erik Hawes*
C. Erik Hawes
Minnesota State Bar No. 258301

MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
Telephone: 713.890.5165
Facsimile: 713.890.5001
ehawes@morganlewis.com

        Mary B. Hevener, *pro hac vice* forthcoming
           D.C. Bar No. 333336
           mhevener@morganlewis.com
        Robert M. Martinelli, *pro hac vice*
           forthcoming
           D.C. Bar No. 499294
           rmartinelli@morganlewis.com
        Steven P. Johnson, *pro hac vice* forthcoming
           D.C. Bar No. 1000939
           steven.johnson@morganlewis.com
        1111 Pennsylvania Avenue, NW
        Washington, DC  20004
        Telephone: 202.739.3000
        Facsimile: 202.739.3001

        *Attorneys for Alliant Techsystems, Inc.*